UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:11-CR-00008 JD |
| ) | |
| VERTIN LOPEZ-SANCHEZ ) | |

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Vertin Lopez-Sanchez is charged in the above-captioned matter with knowingly possessing a short-barreled shotgun not registered to him in the National Firearms Registration and Transfer Record, a violation of 26 U.S.C. §§ 5861(d) and 5871. [DE 1]. The matter was initially scheduled for jury trial, but on August 29, 2011, Mr. Lopez-Sanchez submitted a Waiver of Right to Trial by Jury for this Court's consideration. [DE 43]. At the final pretrial conference on August 31, 2011, the Court addressed Mr. Lopez-Sanchez's offer of waiver. Although the government consented and a jointly executed waiver bearing Mr. Lopez-Sanchez's signature was submitted at the hearing [DE 45], the Court now denies the Defendant's waiver and request for a bench trial. The matter will proceed to jury trial on the previously scheduled date.

### DISCUSSION

While the Sixth Amendment guarantees criminal defendants the right to trial "by an impartial jury of the State and district wherein the crime shall have been committed," there is no corresponding right to waive jury trial and proceed before the bench. *See* U.S. Const. amend. VI; *Singer v. United States*, 380 U.S. 24, 35-36 (1965) ("We find no constitutional impediment to conditioning a waiver of [jury trial] on the consent of the prosecuting attorney and the trial judge

1

when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury - the very thing that the Constitution guarantees him."). Pursuant to Rule 23(a) of the Federal Rules of Criminal Procedure, a defendant may obtain a bench trial only if "(1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the Court approves." Fed. R. Crim. P. 23(a). "The court has authority, in the exercise of a sound discretion, to accept or to refuse to accept the waiver[,]" regardless of the position of the parties. CYCFEDPROC § 48:32, citing *Patton v. United States*, 281 U.S. 276 (1930) (abrogated on other grounds, *Williams v. Florida*, 399 U.S. 78 (1970)).

Perhaps because the denial of a jury trial waiver is a quintessential exercise of the trial Court's discretionary authority, case law on the subject is heavy on deference and light on guiding principles. One of the few thorough discussions of the Court's approval considerations is found in *United States v. Martin*, 704 F.2d 267, 272 (6th Cir. 1983):

> A trial court has two areas of responsibility. First, it should evaluate both the mental ability of the defendant to make an intelligent decision and the defendant's awareness of the benefits and burdens of electing to forego trial by jury. . . Second, the trial court bears a substantial responsibility for jealously preserving jury trials, the constitutionally preferred method of disposing of criminal cases.

*Martin* distills these dual responsibilities from Supreme Court Precedent. First, it cites *Adams v. United States ex rel. McCann*, 317 U.S. 269, 275 (1942), for the Supreme Court's explanation of the trial court's responsibility to ensure that the Defendant is capable of, and is in fact making, an informed, voluntary, and self-protecting decision:

> The task of judging the competence of a particular accused cannot be escaped by announcing delusively simple rules of trial procedure which judges must mechanically follow. The question in each case is whether the accused was competent to exercise an intelligent, informed judgment-and for determination of this question it is of course relevant whether he had the advice of counsel.

* * *

> And whether or not there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case. The less rigorous enforcement of the rules of evidence, the greater informality in trial procedure-these are not the only advantages that the absence of a jury may afford to a layman who prefers to make his own defense. In a variety of subtle ways trial by jury may be restrictive of a layman's opportunities to present his case as freely as he wishes. And since trial by jury confers burdens as well as benefits, an accused should be permitted to forego its privileges when his competent judgment counsels him that his interests are safer in the keeping of the judge than of the jury.

*Martin*, 704 F.2d at 272, citing *Adams*, 320 U.S. at 277-278. But *Martin* tempers the above language of deference to defense counsel by quoting *Patton* for the Court's responsibility to jealously protect the presumption in favor of jury trials:

> Trial by jury is the normal and with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established by long experience, and are not now to be denied. Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact finding body in criminal cases is of such importance that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity.

*Martin*, 704 F.2d at 272-273, citing *Patton*, 281 U.S. at 312. While *Martin* was a Sixth Circuit case, the Supreme Court precedent on which it relies obviously carries as much force in our Circuit as in any other. Furthermore, despite the venerable age of that precedent, it is settled beyond dispute that *Patton* and *Adams* provide the analytical backdrop to Rule 23. *See, e.g., United States v. Williams*, 559 F.3d 607, 609-610 (7th Cir. 2009)("The rule reflects the Supreme Court's decision in *Patton*, 281 U.S. at 312, [and] *Adams*, 317 U.S. at 275[.]"); *United States ex rel. Williams v. DeRobertis*, 715 F.2d 1174, 1179 (7th cir. 1983) ("Whether or not there is an

intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case.") (quoting *Adams*).

In light of the foregoing authorities, the Court characterizes its considerations in deciding whether to approve or deny a jury trial waiver as follows. As a threshold matter, the requirements of Rule 23(a) must be met. First, the Defendant must have produced a written waiver which, if it is to have any effect, must be signed by the Defendant; the right to trial by jury is in the category of rights that are so important that only the defendant, not defense counsel, may waive them. *See United States v. Babul*, 476 F.3d 498, 500 (7th Cir. 2007), citing *Rock v. Arkansas*, 483 U.S. 44 (1987). Next, the government must consent. Once that is done, the Court independently seeks to ensure that the Defendant is competent to waive a constitutional right, and that the waiver is intelligent and voluntary. This is a customary inquiry and can be addressed by the familiar on-the-record colloquy originally promulgated in *United States v. Scott*, 583 F.2d 362, 364 (7th Cir. 1978) and *United States v. Delgado*, 635 F.2d 889, 890 (7th Cir. 1981).[1] The Court will also consider whether the waiver is self-protecting - *i.e.*, whether a bench trial is actually in the Defendant's best interests. *See Adams*, 320 U.S. at 277-278.[2] The entirety of the Court's decision-making process is colored by the strong constitutional preference for trial by jury, *Patton*, 281 U.S. at 312, and the Court takes seriously its duty to avoid "unreasonable or undue departures from that mode of trial or from any of the essential elements thereof." *Id*.

---

[1] The Court recognizes that no such on-the-record discussion is constitutionally required, *see United States v. Rodriguez*, 888 F.2d 519 (7th Cir. 1989), but the exchange remains prudentially advisable and, practically speaking, is an effective way to ensure that the Defendant "knew about the right in question and the possible consequences of deciding to forego that right." *Carter v. Newkirk*, 6 Fed. Appx. 461, 463 (7th Cir. 2001), citing *Patterson v. Illinois*, 487 U.S. 285, 292-293 (1988).

[2] But note that, while the Court considers a defendant's best interests, there is no hard-and-fast rule that approval must be given when those interests will be served by a bench trial. *See United States v. Hilbrich*, 341 F.2d 555, 558 (7th Cir. 1965) (holding that just such an argument about a similar court-approval requirement in an earlier version of Rule 23 had "no merit.").

In the case *sub judice*, the government produced a Joint Waiver of Jury Trial, signed by Mr. Lopez-Sanchez, at the pretrial conference. [DE 45].[3] That submission sufficed to discharge the first two requirements of Rule 23. The Court then examined the Defendant on the record to ensure his competency to waive, and to ensure that the proffered waiver was voluntary and intelligent. The Court was satisfied as to each of these points, but nonetheless denies the waiver because the parties have not convinced the Court that a deviation from the constitutional norm is appropriate.

The Court inquired at the pretrial conference into the reasons for the Defendant's waiver. In response, counsel raised three concerns. First, defense counsel suggested that the primary issue to be tried is one of law, making a bench trial the more appropriate mode of resolution. The Court is sympathetic in principle to this argument. Although not in any way compelled by law, a departure from the jury trial norm might not be "unreasonable or undue," *Patton*, 281 U.S. at 312, if the issues in this case were predominantly legal and were so complex that a jury could not be realistically expected to understand the proceedings before them.

The Court disagrees, however, with defense counsel's assessment that the primary dispute in this case is an issue of law. The statements of the case submitted by the parties suggest that the primary issue to be tried is whether Mr. Lopez-Sanchez knew that the shotgun he possessed displayed the characteristics of a firearm as defined by 26 U.S.C. § 5845(a) – specifically, whether he knew the shotgun had a barrel of less than 18 inches in length or had an overall length of less than 26 inches. Knowledge of a firearm's particular characteristics for 26

---

[3]The Waiver of Right to Trial by Jury [DE 43] originally submitted by defense counsel was not signed by the Defendant and did not indicate that the Defendant had been apprised of the nature of the right he was choosing to give up. If the parties had not submitted the executed joint waiver at the pretrial conference [DE 45], these deficiencies would have precluded the Court from finding that the written waiver requirement of Rule 23(a) had been met.

U.S.C. § 5861(d) purposes is a "factual issue which should be left for the jury to determine." *United States v. Edwards*, 90 F.3d 199, 204 (7th Cir. 1996). The Court sees no reason why a bench trial is necessary to try a relatively simple case that hinges on a purely factual issue. To the contrary, the Court strongly prefers to try factual issues to a jury required by law to deliver a unanimous verdict.

Second, counsel suggested that a bench trial is preferable in the interests of judicial economy, particularly because the Court has already heard over two hours of audio tape evidence which will be introduced at trial and because the Court already heard the testimony of government witnesses at the suppression hearing. The Court appreciates the parties' concern for its time, but the matter is already set for a two-day jury trial and the Court does not expect the admission of the audio tapes to meaningfully extend that duration. Judicial economy is a consideration, but it is not a paramount consideration. The Court is more concerned with preserving the role of the jury as finder of fact than with saving two hours of its own time.

Finally, defense counsel suggested that for confidential reasons he could not share with the Court due to their privileged nature, a bench trial would be more prudent, or fairer, for his client. This is a potentially troubling contention, and if a compelling reason was actually presented to the Court why a jury trial would be unfair in this case, the Court would certainly consider it when deciding whether to approve the Defendant's waiver. Unfortunately, as the matter stands, the Court is left to guess.

The Court readily acknowledges the deference due when the Defendant's "competent judgment counsels him that his interests are safer in the keeping of the judge than of the jury." *Adams*, 320 U.S. at 278. But the Court would need more than a guess to conclude that a jury trial – the "fairness" of which, as a dispute-resolution method, is guaranteed by the Federal Rules of

Evidence, various procedural safeguards, and hundreds of years of common-law and constitutional development – would somehow prejudice Mr. Lopez-Sanchez.[4] Defense counsel is encouraged to file any pretrial motions and raise any objections that he feels are necessary to protect his client's interests. But without a developed factual basis for concluding otherwise, the Court rejects any suggestion at this time that a jury trial cannot or will not be fair in this case.

CONCLUSION

In sum, while the Joint Waiver of Jury Trial submitted to the Court at the pretrial conference satisfies the technical waiver and consent requirements of Rule 23, the Court will not approve Mr. Lopez-Sanchez's waiver of jury trial because to do so would be an undue departure from the dispute-resolution method preferred by the United States Constitution, *Patton*, 281 U.S. at 312, and by this Court, particularly because the primary issue to be tried is purely factual and thus falls squarely within the traditional province of the jury.

The Defendant's waiver of jury trial is therefore DENIED, and the case will proceed to a jury trial on the previously scheduled date of September 12, 2011. The schedule for submission of pretrial documents laid out in this Court's Second Supplemental Order Controlling Criminal Trial [DE 42] continues to control.

SO ORDERED.

ENTERED:   September 1, 2011

/s/ JON E. DEGUILIO
Judge
United States District Court

---

[4] Indeed, since the very *purpose* of Sixth Amendment rights is to "ensure a fair trial[,]" *see Bullcoming v. New Mexico*, 131 S.Ct. 2705, 2716 (2011) (quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 145 (2006)), it seems unlikely that honoring one of those rights could be unfair to Mr. Lopez-Sanchez.